**UNITED STATES of America, Appellee,**

v.

**Ronald Kenneth GALLOWAY, Appellant.**

**No. 14735.**

United States Court of Appeals, Fourth Circuit.

Oct. 7, 1971.

---

Trawick H. Stubbs, Jr., Charlotte, N. C. (Court-appointed) [Beaman & Kellum, New Bern, N. C., on brief], for appellant.

David W. Long, Asst. U. S. Atty. (Warren H. Coolidge, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and BUTZNER, Circuit Judges.

PER CURIAM:

The appellant was convicted of stealing property valued at over $100 from the United States government in violation of 18 U.S.C. § 641. This statute provides that if the value of the stolen property exceeds one hundred dollars, the maximum imprisonment is ten years, while a one year sentence is the maximum allowable if the value is one hundred dollars or less. Congress chose the value of $100 to distinguish serious offenses from misdemeanors.

The appellant was sentenced to confinement for five years.

The only question raised by this appeal is the sufficiency of proof that the stolen materials exceeded the value of $100. The items in question were one hundred Mark-II Fragmentation Hand Grenades which were taken from an ammunition depot at Camp Lejeune, North Carolina. The burden of proving value was upon the government. Only one witness, Lamar Brumfield, testified on the issue of value. He stated that the price of those particular grenades had remained constant at $1.70 since well before the theft. Thus, the total value of the stolen goods was $170. We hold that this evidence was sufficient to support a conviction for the more serious offense.

Appellant relies heavily upon United States v. Horning, 4 Cir., 409 F.2d 424, but a brief survey of the facts surrounding the two cases manifests a striking distinction. In *Horning* the only evidence concerning value of stolen hand tools was given by an enlisted man whose job was disbursing the tools upon request. He was not a purchasing agent, and he disclaimed any knowledge of purchasing procedures. His sole source of information concerning dollar value had come through consulting a government catalogue in preparation for testifying at trial. On the other hand, the witness in the present case dealt with prices on a daily basis. He had held the job of "ammunition supply technician" for the past fourteen years as a civilian, and had performed that work for seven years while in the military service. As such, his duties entailed ordering, stocking, and disbursing munitions upon request of various military commands in the Camp Lejeune area. Unit price was a factor requiring his consideration in all dealings. In testifying he displayed extensive personal knowledge gained through years of experience. He also stated that he had not

studied any price index in preparation for trial. It is hard to imagine a person better qualified to testify as to the value of the grenades. We are not dealing with a "witness who admittedly lacked firsthand knowledge of the subject" as was the case in *Horning*.

Affirmed.